Ronald K. COSBY, et al., Petitioners,

v.

BURLINGTON NORTHERN INC. and Burlington Northern Railroad Company, Respondents.

No. 85–2400.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1986.

Decided June 10, 1986.

Rehearing Denied July 31, 1986.

Alex M. Lewandowski, Kansas City, Mo., for petitioners.

William R. Power, Ft. Worth, Tex., for respondents.

Before ARNOLD, FAGG and WOLL-MAN, Circuit Judges.

PER CURIAM.

Ronald L. Cosby and 138 other terminated employees of the Frisco Transportation Company, a subsidiary of the St. Louis-San Francisco Railway Company (Frisco), petition this court to enforce an order of the Interstate Commerce Commission (ICC). We dismiss this action for lack of jurisdiction.

This action began when ICC approved a merger of Burlington Northern with Frisco. The ICC's final approval of that merger provided for employee protective conditions under *New York Dock Railway-Control-Brooklyn Eastern District Terminal*, 360 I.C.C. 60 (1979), *aff'd sub nom. New York Dock Railway v. United States*, 609 F.2d 83 (2d Cir.1979) (*New York Dock* conditions), for the employees of Burlington Northern and Frisco who would be adversely affected by the merger.

Following that approval, petitioners filed a petition seeking to reopen the ICC decision in order to enforce the *New York Dock* conditions on their behalf. The ICC denied the request, and the petitioners sought judicial review of the ICC's denial. Fed.R.App.P. 15(a).

On appeal, this court reversed the ICC's decision, holding that the petitioners were entitled to receive benefits in accordance with the protective conditions under the ICC's merger order. *Cosby v. ICC*, 741 F.2d 1077 (8th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2344-45, 88 L.Ed.2d 861 (1985). We remanded the case to the ICC "for a computation of benefits." *Id.* at 1079.

On remand, the ICC held that "[b]inding arbitration is prescribed if the parties are unable to reach agreement on the application of any provision of the *New York Dock* conditions. The arbitration panel, not the Commission, determines individual benefits." Addendum # 4 (citations omitted).

Once again, petitioners filed a petition seeking to reopen the decision, arguing that our decision unequivocally requires the Commission to compute individual benefits. The Commission denied the petition, observing that "the remand was 'for a computation of benefits.' Our decision on remand will accomplish this computation in the manner prescribed by law." Petitioners addendum # 5 (citations omitted). Therefore, the ICC determined and we agree that its previous order was in harmony with our directive on remand.

Approximately eight months later, petitioners filed this action to enforce the ICC's order. In their brief, they request this court to order Burlington Northern to pay the protective benefits under the *New York Dock* conditions, claiming that arbitration is not the exclusive method of dispute resolution.

We conclude that we have no jurisdiction. Although the petitioners characterize their action as a petition to enforce the ICC's order, *see* Fed.R.App.P. 15(b), they are clearly requesting relief to the contrary. In essence, petitioners are asking this court

to reverse the ICC's decision that an individual computation of benefits is to be accomplished by arbitration. Petitioners had sixty days from the date of the ICC's order to obtain judicial review of that order. Fed.R.App.P. 15(a); 28 U.S.C. § 2344. They failed to lodge an appeal within that time period. Timeliness of a petition seeking review of an order of the ICC "is a jurisdictional requirement that cannot be modified or waived by this court." *Cartersville Elevator, Inc. v. ICC*, 724 F.2d 668, 672 (8th Cir.1984).

Accordingly, we dismiss this action for lack of jurisdiction.